-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSE J. SHOMO, 01-A-0080,

        Plaintiff,

  -v-

STATE OF NEW YORK,
N.Y.S. DEPARTMENT OF CORRECTIONAL SERVICES,
ANTHONY F. ZON, Superintendent,
Wende Correctional Facility,
SUSAN POST, Deputy Superintendent of Health,
G. MONAHAN, Deputy Superintendent of Security,
LT. WALTERS, Hearing Officer,
C.O. MCCORKEL,
C.O. DORIS MOODY, Correctional Officer,
C.O. BELLE, Correction Officer,
MARY CLEMENS, Chief Physician,
STANLEY BUKOWSKI, Physician,
RICHARD COWAN, Physician,
NARCY CZAJKA, Director of Nursing,
C. HOLLAND, Nurse Administrator,
J. VESHIA, Nurse Administrator,
J. RADDER, Nurse,
JOAN HERBERT, Nurse,
LEONARD R. TERRY, Nurse,
ROBERT STACHOWSKI, Nurse,
C. AMES, Nurse,
K. GAWEL, Nurse's Aide,
C. GAMMONS, Nurse's Aide,
LISA LAUDERO, Nurse's Aide,
ASHLEY MCCUBBIN, Nurse's Aide,
C.O. HODGES, Correction Officer,
C.O. WEBER, Correction Officer,
STEVE JINKS, Correction Officer,
D. PREVITT, Correction Officer,
Individually and in their Official
Capacity,

        Defendants.[1]

**DECISION and ORDER**
06-CV-353A(Sc)



---

[1]There are several problems with plaintiff's enumeration of the defendants in the complaint. The caption to the complaint lists 27 defendants. However, plaintiff's enumeration and identification of the defendants in the section of the complaint captioned "Parties" lists one individual, Correction Officer McCorkel (Complaint, ¶ 10), who *is not* included among the defendants listed in the caption of the complaint, and fails

By Memorandum and Order dated November 1, 2006, this Court ordered that plaintiff's motion to proceed *in forma pauperis* be granted, and that plaintiff's complaint, which sets forth six causes of action, be dismissed without prejudice with leave to amend, pursuant to Rules 8 and 10 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e). (Docket No. 6). Plaintiff appealed, and the Mandate thereafter issued by the Court of Appeals for the Second Circuit affirmed in part and vacated in part and ordered that the case be remanded for reinstatement of plaintiff's Eighth Amendment, Americans with Disabilities Act ("ADA")[2] and Rehabilitation Act[3] claims. (Docket No. 13).[4]

Plaintiff's ADA and Rehabilitation Act claims are asserted in the First Cause of Action of the complaint (Complaint [Docket No. 1], ¶¶ 246-250) and his Eighth Amendment claims

---

to list another individual, J. Veshia, Nurse Administrator, who *is* included among the defendants listed in the caption of the complaint. Inasmuch as the complaint contains allegations against both McCorkel and Veshia, the Court will regard both of them as defendants and will instruct the Clerk of the Court to add Correction Officer McCorkel as a defendant in the caption of the complaint.

There are also discrepancies between the spelling of certain defendants' names in the complaint. The complaint lists Mary Clemons, Chief Physician, as a defendant. However, plaintiff's subsequent enumeration of the defendants in the section of the complaint captioned "Parties" states the defendant's name as Mary Clemens (Complaint, ¶ 12), and subsequent references in the body of the complaint are to Mary Clemens. There are similar spelling discrepancies with respect to three other defendants. "Physician Richard Cowen" is listed in the caption of the complaint, but the defendant's name is stated as "Richard Cowan" in the "Parties" section of the complaint (Complaint, ¶ 14), and subsequent references in the body of the complaint are to "Cowan" as well. The defendant listed as "Nurse's Aide K. Gowel" in the complaint caption is spelled "Gawel" in the listing of the "Parties" (Complaint, ¶ 21) and is spelled accordingly in the body of the complaint. The same is true with respect to the defendant identified as "Correction Officer D. Privette" in the complaint caption; his named is listed as "Previtt" in the enumeration of the parties (Complaint, ¶ 26) and in the body of the complaint. The Court will accordingly direct the Clerk of the Court to change the spelling of the names of these defendants in the caption of this action to the spellings given in plaintiff's statement of the parties and in the body of the complaint.

[2]42 U.S.C. § 12101 *et seq.*

[3]Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

[4]In view of plaintiff's appeal and the Second Circuit's remand, the order issued by the Court during the pendency of the appeal which directed the parties to show cause why this action should not be dismissed for failure to prosecute (Docket No. 12) is moot.

2

are asserted in the Third and Sixth Causes of Action in the complaint (Complaint, ¶¶ 261-280 and 289-294, respectively[5]).  The First Cause of Action identifies and sets forth allegations against eleven of the defendants named in the complaint: State of New York, N.Y.S. Department of Correctional Services ("DOCS"), Zon, Post, Clemens, Bukowski, Czajka, Holland, Veshia, Radder and Cowan.  The Third Cause of Action identifies and sets forth allegations against thirteen of the defendants named in the complaint: Zon, Post, Clemens, Bukowski, Cowan, Czajka, Holland, Veshia, Radder, Hodges, Weber, Jinks and Previtt.  The Sixth Cause of Action identifies and sets forth allegations against four of the defendants named in the complaint: Hodges, Weber, Jinks and Previtt.

It would therefore appear, at first glance, that the Court should direct that the complaint be served upon the fifteen defendants against whom plaintiff has pleaded one or more of the causes of action that the Second Circuit has ordered be reinstated, namely: State of New York, DOCS, Zon, Post, Clemens, Bukowski, Cowan, Czajka, Holland, Veshia, Radder, Hodges, Weber, Jinks and Previtt.  However, the Court's review of the diffuse and turgid allegations set forth in the Statement of Facts set forth in the complaint (Complaint ¶¶ 41-246),[6] which precedes plaintiff's statement of the causes of action contains allegations which construed liberally, would appear to assert ADA and Rehabilitation Act and/or Eighth

---

[5]The Third Cause of Action set forth in the complaint invokes 42 U.S.C. § 1983, and consists of a series of allegations that the defendants named therein were deliberately indifferent to plaintiff's serious medical needs.  Such claims arise under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  The Sixth Cause of Action, which explicitly invokes the Eighth Amendment, sets forth allegations purporting to show various ways in which the conditions under which plaintiff was confined violated Eighth Amendment standards.

[6]The complaint contains two paragraphs numbered 246: the first ¶ 246 is found on page 76 of the complaint and is the last paragraph of plaintiff's Statement of Facts.  The second paragraph numbered 246 is found on page 77 of the complaint and is the first paragraph of plaintiff's First Cause of Action.

Amendment claims against eight additional defendants, namely, Gammons, Gawel, Herbert, Laudero, McCorkle, McCubbin, Stachowski and Terry.

Accordingly, and pursuant to the Second Circuit's Mandate, the Court will direct that that the ADA and Rehabilitation Act claims asserted in the First Cause of Action of the complaint and the Eighth Amendment claims asserted in the Third and Sixth Causes of Action in the complaint) be reinstated, that the complaint be served by the U.S. Marshal upon the defendants against whom such claims are asserted, as explained *supra*, and that the claims asserted in the Second, Fourth and Fifth Causes of Action of the complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

## ORDER

IT HEREBY IS ORDERED, that the Clerk of the Court shall amend the caption of this action to revise the spelling of the names of the following defendants: (1) Mary Clemons, Chief Physician shall be changed to "Mary Clemens, Chief Physician"; (2) Physician Richard Cowen shall be changed to "Physician Richard Cowan"; (3) Nurse's Aide K. Gowel shall be changed to "Nurse's Aide K. Gawel";

FURTHER, that the Clerk of the Court shall amend the caption of this action to add "Correction Officer McCorkel" as a defendant;

FURTHER, that plaintiff's claims under 42 U.S.C. §§ 1981, 1984, 1985 and 1986, as set forth in the Second Cause of Action of the complaint, are dismissed with prejudice;

FURTHER, that plaintiff's claims under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.*, as set forth in the Fourth Cause of Action of the complaint, are dismissed with prejudice;

FURTHER, that plaintiff's First and Fourteenth Amendment claims, as set forth in the Fifth Cause of Action of the complaint, are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate as parties to this action defendants G. Monahan, Lt. Walters, C. O. Doris Moody, C.O. Belle, and C. Ames;

FURTHER, that plaintiff's ADA and Rehabilitation Act claims, as set forth in the First Cause of Action of the complaint, may go forward;

FURTHER, that plaintiff's Eighth Amendment claims, as set forth in the Third and Sixth Causes of Action of the complaint, may go forward;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint (Docket No. 1) and Exhibits thereto (Docket No. 15) and this Order upon defendants the State of New York, N.Y.S. Department of Correctional Services, Anthony F. Zon, Susan Post ,C. O. McCorkel, Mary Clemens, Stanley Bukowski, Richard Cowan, Narcy Czajka, C. Holland, J. Veshia, J. Radder, Joan Herbert, Lenard R. Terry, Robert Stachowski, K. Gawel, C. Gammons, Lisa Laudero, Ashley McCubbin, C.O. Hodges, C.O. Weber, Steve Jinks and D. Previtt without plaintiff's payment therefore, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants against whom plaintiff's claims will proceed are directed to respond to the complaint.

SO ORDERED

Dated:        12 /29, 2011
              Buffalo, New York

                                                _____
                                                WILLIAM M. SKRETNY
                                                Chief Judge
                                                United States District Court